**Bulian BINJAKU, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General Respondent.**

**No. 04–2794–AG.**

United States Court of Appeals, Second Circuit.

Feb. 9, 2006.

Valentine A. Brown, Woodbury, New Jersey, for Petitioner.

Jonathan S. Gasser, Acting United States Attorney for the District of South Carolina, Christie V. Newman, Assistant United States Attorney, Columbia, South Carolina, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Bulian Binjaku, through counsel, petitions for review of the BIA decision denying him asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA issues a short decision that primarily adopts and affirms the IJ's opinion, this Court reviews the IJ's decision directly. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Attorney Gen.,* 400 F.3d 963, 964 (2d Cir. 2005) (per curiam); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004).

Here, substantial evidence supports the IJ's adverse credibility determination. The IJ properly held that Binjaku was

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

Gonzales is automatically substituted for former Attorney General John Ashcroft.

inconsistent in testifying whether, when and for how long he was arrested in Albania. At his airport interview, Binjaku denied that he had "ever been arrested before at any time or at any place." Then, according to the notes of the asylum officer who conducted Binjaku's interview, he testified that he was arrested during a rally of the democratic party in February 1997. Binjaku further testified at his interview that he was beaten, put into isolation and held in detention for three months. However, Binjaku omitted this arrest and detention from his application for asylum, and failed to mention either at his hearing on direct examination.

When confronted with these discrepancies on cross-examination, Binjaku explained that (1) he did not tell the airport inspectors that he had been arrested and detained because he did not realize that they were referring to arrests in Albania as well as arrests in the United States, (2) he stated the wrong date of his arrest to the asylum officer because he was "tired and distraught" at his asylum interview, and the asylum officer misunderstood the duration of his detention and (3) he was mistaken not to have mentioned his arrest and detention at his hearing. The IJ considered Binjaku's explanations, and reasonably rejected them all as incredible.

We have held that we will affirm an IJ's decision where the IJ "explicitly rested its conclusion on alternative grounds, one of which is sustainable." *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395 (2d Cir.2005). Here, the IJ's adverse credibility determination is a proper ground on which to find that Binjaku failed to produce sufficient credible evidence to prove his eligibility for asylum, withholding of removal, or relief under the CAT because Binjaku's testimony was the only evidence

that his "life or freedom would be threatened in Albania."

For the foregoing reasons, Binjaku's petition for review is DENIED. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED.